UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LAURA BALDINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv434 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Social Security Income (SSI) as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield, supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2017.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. Since the alleged onset date of disability, May 1, 2015, the claimant has had the following severe impairments: neck pain due to multilevel cervical and thoracic spine degenerative disc disease (DDD/spondylosis) (Exhibits 8F; 10F; 13F; 14F; 48F); lower back pain due to degenerative changes (Exhibit 45F); history of cerebral infarct/TIA, with reported ongoing transient cerebral ischemia (Exhibits 19F; 20F; 23F; 24F; 33F; 37F; 42F); history of major depression/bipolar disorder, anxiety disorder, and possible schizophrenia spectrum/other psychotic disorder (Exhibits 3F; 4F; 16F; 22F; 43F)(20 CFR 404.1520(c) and 416.920(c)).

4. Since the alleged onset date of disability, May 1, 2015, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that since May 1, 2015, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with further limitations as follows: Additional limitations include only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, crawling, but never climbing ladders, ropes, or scaffolds. Mentally, the claimant's ability to use judgment in making work-related decisions is limited to making only simple work-related decisions with no sudden or unpredictable workplace changes in terms of use of work tools, work processes, or work settings, and if there are workplace changes, they are introduced gradually. In addition, the work is limited to that which does not require satisfaction of strict or rigid production quotas or involve assembly-line pace work with only occasional interactions with the general public.

6. Since May 1, 2015, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. Prior to the established disability onset date, the claimant was an individual closely approaching advanced age. On February 27, 2017, the claimant's age category changed to an individual of advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Prior to February 27, 2017, transferability of job skills is not material to the

> determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. Beginning on February 27, 2017, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Prior to February 27, 2017, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969a).
>
> 11. Beginning on February 27, 2017, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).
>
> 12. The claimant was not disabled prior to February 27, 2017, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 19-30).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits, prior to February 27, 2017. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on May 8, 2018. On June 18, 2018, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff filed her reply on June 30, 2018. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test

4

as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

Plaintiff was born in 1962 and was 53 years old on her alleged onset date. Plaintiff is a high school graduate and also has an Associate's Degree. Plaintiff worked for seven years as an emergency medical technician at a hospital. Plaintiff has not engaged in substantial gainful activity since her alleged onset date of May 1, 2015. She attempted work in September 2016 as a deli worker at a local grocery store, but quit after a few days due to aggravation of back pain, and inability to stand for four hours at a time.

In support of remand, Plaintiff argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the Residual Functional Capacity (RFC) assessment, and also erred in not considering the combined impact of the impairments.

An ALJ must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe. 20 C.F.R. § 404.1545(a). The hypothetical

posed to the VE, as well as the ALJ's RFC assessment, must incorporate all of the claimant's limitations supported by the medical record. *Varga v. Colvin*, 794 F. 3d 809, 813 (7th Cir. 2015). Moreover, an ALJ may not ignore entire lines of evidence. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001); *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir.2008).

When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered "severe." *Id*. § 404.1545(a)(2), (b), (c). Mental limitations must be part of the RFC assessment, because "[a] limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." *Id*. § 404.1545(c). *Craft v. Astrue*, 539 F. 3d. 668, 676 (7th Cir. 2008).

As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir.2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical."); *Indoranto v. Barnhart*, 374 F.3d 470, 473-74 (7th Cir.2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."); *see also* SSR 96-5p, 1996 WL 374183, at *5 (RFC assessment "is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence"); 20 C.F.R. § 404.1545.

In the present case, Plaintiff contends that the ALJ's analysis of her mental health

impairments and omission of supported limitations from the hypothetical and the RFC constitute error. Plaintiff claims that the ALJ's hypothetical and RFC do not account for limitations in concentration, persistence, and pace and that this failure runs contrary to long established case law as set forth in *Yurt v. Colvin*, 758 F.3d. 850 (7th Cir. 2014):

> [W]e have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace. *See generally Stewart*, 561 F.3d at 685 (collecting cases); *see also Craft*, 539 F.3d at 677-78 (restricting claimant to unskilled, simple work does not account for his difficulty with memory, concentration, and mood swings); *Young v. Barnhart*, 362 F.3d 995, 1004 (7th Cir.2004); *see also* SSR 85-15, 1985 WL 56857 at *6 (1985) ("[B]ecause response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job.")

*Yurt*, supra at 858-859.

In his decision, at Step 3, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, and pace as well as limitations in applying information, in interacting with others, and adapting or managing oneself.

Plaintiff acknowledges that her mental limitations may not have been enough to justify a "listing" finding under the "B" criteria. Plaintiff argues, however, that the ALJ's decision cannot be consistent with itself without containing concentration, persistence, and pace limitations in the RFC. The ALJ limited Plaintiff to simple decisions, gradual work changes, and ordinary non-production pace. However, Plaintiff contends that this limitation is insufficient under the *Yurt* standard to encompass concentration, persistence, and pace factors. Plaintiff's extensive mental health history includes bipolar disorder, anxiety, major depression disorder, childhood

7

physical abuse, chronic neck and back pain with ordinary postures both standing and sitting, sleep problems also involving unaccounted-for activity during sleep, and regular "mini-stroke"/TIA or other consciousness/concentration disturbances which affect her speaking and ability to feel parts of her body. Plaintiff asserts that these conditions cause deficits in concentration, persistence, and pace and other mental health functioning deficits.

The ALJ acknowledged that Plaintiff suffered from cognitive/memory loss problems from alleged TBI and/or TIA-like symptoms/possible neurocognitive disorder, as well as emotional problems and possible psychotic disorder, which interfered with concentration, persistence and pace and other mental health functioning factors. Thus, the ALJ assigned a "moderate" gradation in the "B" criteria analysis for concentration, persistence and pace. However, the ALJ did not include concentration, persistence and pace limitations in the RFC. This omission constitutes error.

Plaintiff further claims that the ALJ further erred by not accounting for the extra supervision someone with Plaintiff's impairments would require; for the extent to which Plaintiff's interactions with neighbors, caseworkers, and others arguably shows she could not handle any workplace interactions. Plaintiff also asserts that the ALJ's decision further erred by not accounting for the quality of Plaintiff's interaction with others. While the ALJ limits Plaintiff to occasional interaction with the general public, no limitation is put on the nature and intensity or quality of her expected work interactions with the general public. Plaintiff claims that her documented paranoia and other issues would cause problems even with just occasional interactions with the general public in a workplace. Again, Plaintiff is correct and the ALJ erred by not including limitations for Plaintiff's need of supervision and her inability to interact with

8

the general public.

Plaintiff also argues that the RFC is also flawed for not taking into account Plaintiff's physical restrictions, including as to both upper extremities, her neck and back pain, her left side dysfunction, and the way her vertebral column and associated pains combine with her permanent left foot defect to make prolonged standing, walking, and sitting problematic. On remand, the Agency should specifically address these issues regarding Plaintiff's physical limitations.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Opinion.

Entered: August 20, 2018.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court